BETH W. MORA, ESQ.  BAR NO: 208859
LAW OFFICES OF LUCIUS A. COOPER
A Professional Corporation
18 Crow Canyon Court, Suite 145
San Ramon, California  94583
Telephone:  (925) 820-8949
Facsimile:  (925) 820-0278

Attorney for Plaintiff JEFF SIROTA


THOMAS K HOCKEL, ESQ. BAR NO.: 172367
KELLY, HERLIHY & KLEIN, LLP
44 Montgomery Street, Suite 2500
San Francisco, California 94104
Telephone: (415)951-0535
Facsimile:  (415)391-7808

Attorney for Defendant PENSKE TRUCK LEASING CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIROTA,<br><br>           Plaintiff,<br><br>vs.<br><br>PENSKE TRUCK LEASING CORPORATION,<br><br>           Defendants.<br>_____ | NO.  C05-03296 SI<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON** |

## STIPULATION

In order to preserve and maintain the confidentiality of certain documents to be produced by Plaintiff Jeff Sirota, Defendant Penske Truck Leasing Corporation and/or nonparties in the above-captioned action, Plaintiff Jeff Sirota and Defendant Penske Truck Leasing Corporation, by and through their respective counsel of record, hereby stipulate as follows:

1. Documents to be produced by Plaintiff Jeff Sirota, Defendant Penske Truck Leasing Corporation and/or nonparties during discovery in this litigation may contain medical information and/or other information protected by the privacy rights of the Plaintiff, Defendant and other third parties.  These

documents are hereafter referred to as "Protected Documents." Plaintiff Jeff Sirota is hereafter referred to as "Plaintiff." Defendant Penske Truck Leasing Corporation, is hereafter referred to as "Defendant." Except as otherwise indicated below, all documents produced by the Plaintiff and/or nonparties and designated as confidential that are produced in this action shall be designated "Protected Documents" and given confidential treatment and safeguarded as described below.

2. Protected Documents shall not include materials that on their face show that they have been published to the general public.

3. If any party contends that any document has been erroneously designated as confidential by the other side, they shall nevertheless treat the document as a Protected Document unless and until they either (a) obtain the other side's written agreement that the document does not need to be treated as a Protected Document, or (b) obtain a Court order finding that the document is not a Protected Document.

4. Protected Documents and the materials contained therein shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever, other than as required for the use, preparation and trial of this action. Except as provided below, each party and its counsel shall keep all Protected Documents and the material contained therein confidential from all persons.

5. Except with the prior written consent of the parties or upon further order of this Court, Protected Documents shall be shown or the contents thereof disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

    a. The parties and their counsel of record in this action;

    b. Employees of the parties' counsel assigned to and necessary to assist such counsel in the preparation or trial of this action;

    c. Independent experts and consultants (and their agents and employees) retained by the parties whose assistance is necessary for the preparation or trial of this action;

    d. The arbitrator or mediator assigned to facilitate the resolution of this case, and their support staff;

    e. The court reporter retained by any party to record deposition testimony in this case; and

        f.       The Court and any employees of the Court or the clerk's office.

    6.      Before being given access to any Protected Document, each person to whom each party and/or parties' representatives intend to deliver, exhibit or disclose any Protected Document or material contained therein shall be advised of the terms of this Stipulation and Order, shall be given a copy of this Stipulation and Order and shall agree, in writing, to be bound by its terms. Counsel for the parties shall maintain a list of all persons to whom any Protected Document or material contained therein is provided, and that list shall be available for inspection by the Court.

    7.      Each party's counsel shall keep a record of all copies of each Protected Document distributed, in whole or in part, to any Qualified Person. Any copy so distributed shall be returned to counsel for each party after the completion of the Qualified Person's consultation or representation in this action.

    8.      To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Stipulation and Order, along with the transcript pages of the deposition testimony dealing with the Protected Documents or information which transcript pages shall be specifically designated by the party requesting the document be protected.

    9.      Promptly after the conclusion of this action, but in no event later than one year after the entry of final judgment in this action, all Protected Documents, all copies thereof and all excerpts therefrom, shall be collected by counsel for each party from all consultants, experts and other Qualified Persons and shall be returned to counsel for the parties. Upon request, each party agrees to provide a copy of specifically requested Protected Documents previously returned to that party should a party seek relief from a Final Judgment or Order. These documents shall be immediately returned to the party at the conclusion of such proceeding.

    10.    The parties and their counsel shall not under any circumstances sell, offer for sale, advertise or publicize either the contents of Protected Documents or the fact that they obtained the parties' confidential documents.

    11.    Documents to be produced in response to discovery request(s) may include documents or parts thereof unrelated to any specific allegation or defense made. Accordingly, the parties reserve the

STIPULATION FOR PROTECTIVE ORDER AND
ORDER THEREON
CASE NO: C05-03296 SI       3

right to identify and withhold the production of specific documents or parts thereof which are subject to objections on legitimate grounds. The parties will designate, in writing, which of the documents requested they consider confidential and Protected Documents which documents will be stamped in a manner so as not to impair the readability of the documents or any copies thereof.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. This Stipulation and Order shall be binding upon the parties hereto, upon their attorneys and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors or other persons or organizations over which they have control.

Dated: 3/7/06        _/s/_____
                          Beth W. Mora, Esq.
                          LAW OFFICES OF LUCIUS A. COOPER
                          Attorneys for Plaintiff
                          JEFF SIROTA


Dated: 3/7/06        _/s/_____
                          Thomas K. Hockel, Esq.
                          KELLY, HERLIHY & KLEIN, LLP
                          Attorneys for Defendant PENSKE TRUCK LEASING
                          CORPORATION

STIPULATION FOR PROTECTIVE ORDER AND
ORDER THEREON
CASE NO: C05-03296 SI                              4

**ORDER**

The foregoing stipulation having been entered and good cause appearing therefore,

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE

STIPULATION FOR PROTECTIVE ORDER AND
ORDER THEREON
CASE NO: C05-03296 SI                    5