IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFF SIROTA,          No. C 05-03296 SI

    Plaintiff,          **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS**

    v.

PENSKE TRUCK LEASING CORP., et al.,

    Defendants.
                                            /

Now before the Court is a motion by plaintiff concerning four subpoenas issued by defendant. Plaintiff moves to quash two subpoenas issued to his former employers, and to modify two subpoenas issued to his medical providers. Having carefully reviewed the papers and the arguments within, the Court hereby GRANTS IN PART plaintiff's motion.

**BACKGROUND**

Plaintiff formerly worked for defendant as a fueler and washer, beginning on April 14, 2003. Plaintiff's duties included fueling and cleaning rental trucks. To perform these duties, plaintiff was required to perform physical activities such as standing, squatting, climbing, twisting, bending, and lifting light to heavy objects.

According to the complaint, on March 16, 2004, plaintiff suffered a workplace injury that required ongoing medical treatment and temporarily prohibited him from performing his regular job functions. Plaintiff alleges that defendant refused to accommodate his disability and mocked him for his restricted ability to work. On December 21, 2004, plaintiff returned to work without any physical restrictions. He alleges that he was again harassed and retaliated against for his disability and resulting

need for accommodation. The following month, defendant terminated the plaintiff, purportedly for stealing a box of candy.

On June 7, 2005, plaintiff filed a complaint against defendant Penske Truck Leasing Corporation in state court located in Alameda, California. The complaint alleged that the defendant violated plaintiff's civil rights under the California Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA"). On August 12, 2005, defendant removed this action to the federal court in the Northern District of California. This action is currently in the discovery phase.

Defendant has subpoenaed two of plaintiff's former employers and two of plaintiff's medical providers, requesting a broad range of information. Plaintiff now moves to quash the subpoenas requesting plaintiff's employment records, and to modify the subpoenas requesting his medical records to limit the records to those created from the date of the workplace injury, March 26, 2004, to the present. For the following reasons, the Court GRANTS IN PART plaintiff's motion.[1]

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). Furthermore, the information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A " relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (*quoting Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)). Requested discovery is not relevant to the subject

---

[1]Defendant has filed a supplemental letter requesting leave to provide the Court with excerpts from plaintiff's deposition. Because the Court largely agrees with defendant, it does not believe the excerpts are necessary. Should defendant feel that the deposition excerpts demonstrate that plaintiff's medical records from before 2003 are strongly relevant to its defense, it may file a motion for reconsideration of this order.

matter involved in a pending action if the inquiry is only based on the requesting party's mere suspicion or speculation. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1324 (Fed. Cir. 1990).

Under Rule 45, any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents. Fed. R. Civ. P. 45(a)(1)(C). The subpoena is subject to the relevance requirements set forth in Rule 26(b). See The Rutter Group, Federal Civil Procedure Before Trial § 11:2305 (2005). Thus, the subpoena may command the production of documents which are "not privileged" and are "relevant to the subject matter" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Upon a timely motion, the court issuing such a subpoena shall quash it if it determines that the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

**DISCUSSION**

As mentioned above, plaintiff seeks to quash the subpoenas requesting plaintiff's employment records and to modify subpoenas requesting plaintiff's medical records.

**1.   Employment Records**

The two subpoenas to plaintiff's former employers requested "[a]ny and all records, documentation, and/or files pertaining to [plaintiff], including but not limited to hire, payroll, attendance, separation, and discipline records, records of leaves of absen[c]e, any documents regarding disability or workers compensation claims, and his personnel file." Pl. Br. at 2.

California recognizes a limited privacy right in employment records.[2] *See Board of Trustees v. Superior Court*, 119 Cal. App. 3d 516, 526-27 (Cal. App. 1981). Thus, plaintiff argues that defendant must give a "compelling showing of relevance" before these records may be produced. *See id.*; *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 384 (D. Tenn. 1999). Plaintiff cites three cases in support

---

[2] Because this is a diversity case, California law of privilege applies. *See* Fed. R. Evid. 501; *Star Editorial, Inc. v. District Court*, 7 F.3d 856, 859 (9th Cir. 1993) (analyzing qualified reporter's privilege under California law).

3

of his argument that defendant has not established a compelling interest. Two of these cases, however, involved the employment records of third parties. *See Board of Trustees*, 119 Cal. App. 3d at 526; *Miller*, 186 F.R.D. at 384. In the final case, the Court found the records "clearly relevant" and ordered their production. *In re The Hawaii Corp.*, 88 F.R.D 518, 525 (D. Haw. 1980).

Here, as plaintiff initiated this lawsuit, his privacy interest is vastly reduced. Moreover, in his employment application plaintiff gave defendant permission to contact his former employers, further reducing his privacy interest. Given that defendant has not asked for all of plaintiff's employment records, but has limited its request to the two most recent places of employment listed by the plaintiff on his job application, the Court finds that the relevance of the employment records outweighs any intrusion into plaintiff's privacy. Plainitff's motion to quash the subpoenas issued to his former employers is therefore DENIED.

### 2. Medical Records

As to the medical records, plaintiff argues that defendant has no right to subpoena medical records before the date of his workplace injury, March 26, 2004. Plaintiff argues that earlier records are not relevant and are protected from discovery under the law. The two medical subpoenas requested:

> Any and all records, documentation, and/or files reflecting or regarding [plaintiff's] back, spine, and/or eyes from January 25, 2000 to the present, to include but not limited to any/or all of the following: physician and nursing notes, charts and reports indicating examinations, findings, conclusions, opinions, treatments, diagnosis, and prognosis; lab reports; patient information sheets and/or questionnaires; photographs, diagrams; telephone logs; sign in sheets; insurance information; billing information; correspondence; video and/or audio tapes; computer stored information; worker's compensation documents; and documents related to disability benefits claims.

Pl. Br. at 2.

California recognizes a medical records privilege. *See Palay v. Superior Court*, 18 Cal. App. 4th 919, 926 (Cal. App. 1993). "To the extent privilege applies, it bars discovery of even relevant information." *Id.* This privilege, however, is subject to the "patient-litigant exception," which "precludes one who has placed in issue his physical condition from invoking the privilege." *Id.* at 928; Cal. Evid. Code § 996. Here, plaintiff does not contest that the exception applies, the dispute is over the scope of the exception.

The Court agrees with plaintiff that the four-year time period proposed by defendants is excessive. Defendant's primary theory of relevance – that plaintiff may have been "milking" his complaints about back pain – is too speculative to justify such an intrusion into plaintiff's privacy. Nonetheless, the Court believes that defendant is entitled to some medical records that pre-date plaintiff's injury, as records that are contemporaneous to plaintiff's injury may be highly relevant to plaintiff's claims of physical and emotional distress. Accordingly, the Court will limit defendant's subpoena to medical records from January 1, 2003, forward.

## CONCLUSION

For the stated reasons above, the Court hereby GRANTS IN PART plaintiff's motion (Docket No. 21). Defendant's subpoena is QUASHED to the extent is seeks medical records prior to January 1, 2003.

**IT IS SO ORDERED.**

Dated: March 16, 2006

SUSAN ILLSTON
United States District Judge